```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x
```

JEMAL ALBRITTON,

        Petitioner,                **MEMORANDUM & ORDER**
                                                         21-CV-3300 (EK)

    - against -

BRANDON J. SMITH, Superintendent,

        Respondent.

```
--------------------------------------x
```
ERIC KOMITEE, United States District Judge:

        Petitioner Jemal Albritton seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Proceeding *pro se*, he challenges the constitutionality of his 1995 conviction in New York Supreme Court, Kings County, for assault in the first degree.  The Court has conducted the examination called for by Rule 4 of the Rules Governing Section 2254 Cases and determined that the petition is deficient because Petitioner does not satisfy the "in custody" requirement of 28 U.S.C. § 2254(a).  In addition, the Court cannot determine from the face of the petition whether it falls within the one-year statute of limitations prescribed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA").  The Court therefore orders Petitioner to show cause, within sixty days of entry of this order, why the petition should not be dismissed.

## I. Background

Albritton's petition identifies his 1995 conviction in Kings County Supreme Court as the "judgment of conviction under attack." *See* Pet. at 1, ECF No. 1. As set forth below, however, public records appear to indicate that he finished serving his sentence on that judgment long ago.

The petition indicates that the nature of his offense "involved" three counts: murder in the second degree, possession of a weapon in the second degree, and assault in the first degree; and that the date of conviction was "[o]n or around July 28, 1995." *Id.*[1] He was sentenced to a term of four to eight years' imprisonment. Pet. at 1. Petitioner did not take a direct appeal from this conviction. *Id.* at 1-3.

The petition does not say for how long Albritton was incarcerated on this conviction. According to New York State's publicly available DOCCS inmate-records system, however, Petitioner was released on parole on March 21, 2002. *See* Inmate Information Report, DIN 95R7392, *supra* note 1.[2] Neither

---

[1] *See also* DOCCS Inmate Information Report for Jemal Albritton, DIN 95R7392, http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ2/WINQ120 (last visited October 5, 2021). In contrast to the petition, the DOCCS system lists only one count of conviction: assault in the first degree.

[2] *See Johnson v. City of New York*, No. 15-CV-8195, 2017 WL2312924, at *2 n.3 (S.D.N.Y. May 26, 2017) (federal courts may take judicial notice of DOCCS inmate information).

Petitioner nor DOCCS reveals when Albritton's parole term expired.

Albritton is currently serving a separate sentence — of seventeen years to life — pursuant to a 2006 conviction for criminal possession of a weapon in the second degree and criminal possession of a forged instrument in the second degree. Pet. at 6.[3]  He does not challenge that sentence in the instant petition.

## II.  Discussion

### A.  Petitioner Does Not Meet the Custody Requirement

A district court may exercise jurisdiction over a petition for habeas relief only if the petitioner is "in custody pursuant to the judgment of a State court" when the petition is filed.  28 U.S.C. § 2254(a).  This requirement is jurisdictional.  *See Ogunwomoju v. United States*, 512 F.3d 69, 73—74 (2d Cir. 2008).  The Supreme Court has interpreted this language "as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed."  *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989).  If a petitioner has fully served the sentence for a particular conviction, including any term of parole, he is

---

[3] *See also* DOCCS Inmate Information Report for Jemal Albritton, DIN 06A5348, http://nysdoccslookup.doccs.ny.gov/GCA00P00/WIQ2/WINQ120 (last visited October 5, 2021).

3

no longer "in custody" pursuant to that conviction and may not challenge it by way of a petition for writ of habeas corpus in federal court. *Id.* at 491.

Here, it appears that the sentence on Petitioner's 1995 conviction expired before he filed this Section 2254 petition. *See* Inmate Information Report, DIN 95R7392, *supra* note 1. Petitioner was released on parole in 2002, *id.*, but the petition and DOCCS records are silent as to the duration of the term of that parole. Unless Petitioner was still on parole for the 1995 conviction when he filed this application in 2021, he was not "in custody" pursuant to the 1995 judgment at the time he filed the petition and thus cannot bring a habeas petition directed solely at the 1995 conviction. *Lackawanna Cty. Dist. Att'y v. Coss*, 532 U.S. 394, 401 (2001).

Petitioner *may* be able to challenge his prior conviction indirectly, on the basis that his current sentence was "enhanced by [an] allegedly invalid prior conviction." *Williams v. Edwards*, 195 F.3d 95, 96 (2d Cir. 1999). Where a *pro se* petition can be liberally construed "as asserting a challenge to a current sentence, as enhanced by an allegedly invalid prior conviction," the "in custody" requirement is satisfied. *Id.* (quoting *Maleng*, 490 U.S. at 493-94) (cleaned up). This exception is "narrow," however, and applies only if

4

> a petitioner alleges that his current sentence was enhanced by a prior conviction that is invalid for one of the following three reasons: "(1) there was a failure to appoint counsel; (2) a state court unjustifiably refused to rule on a constitutional claim that had been properly presented; or (3) the petitioner presents compelling evidence of actual innocence."

*Hurdle v. Sheehan*, No. 13-CV-6837, 2016 WL 4773130, at *3 n.2 (S.D.N.Y. Sept. 12, 2016) (quoting *Valdez v. Hulihan*, 640 F. Supp. 2d 514, 516 (S.D.N.Y. 2009)).

Even reading the instant *pro se* pleading liberally, the Court cannot infer that Petitioner's 1995 conviction led to an enhancement of his current sentence.  To the extent that Petitioner seeks to pursue such an argument, he must make that claim explicitly in an amended petition.

**B.  Statute of Limitations**

Any amended petition could still face a substantial challenge: the one-year statute of limitations applicable to habeas petitions under 28 U.S.C. § 2244(d)(1).  Under this rule, a petitioner must apply for a writ of habeas corpus within one year of the latest of the following events:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

5

>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). Because the Court has insufficient information about Albritton's case, it cannot assess how this statute of limitations might affect the petition. Thus, in addition to clarifying which conviction he is challenging, Petitioner should also indicate whether and when his Section 440.10 motion for post-conviction relief in the state courts was pending, given that the pendency of that motion may have tolled the statute of limitations. *See* 28 U.S.C. § 2244(d)(2); *Bennett v. Artuz,* 199 F.3d 116, 119 (2d Cir. 1999).

### III. Conclusion

Petitioner is hereby directed to show cause by written affirmation, within sixty days of entry of this Memorandum and Order, why this petition should not be dismissed because (a) he is no longer in custody pursuant to the conviction he seeks to challenge, and (b) the petition is time-barred.

In the affirmation, Petitioner should state whether and when the sentence imposed pursuant to the 1995 conviction — including the term of parole — was concluded. If Petitioner

seeks not to challenge the 1995 conviction directly, but rather the unlawful enhancement of his current sentence due to the 1995 conviction, he may file an amended petition, also within sixty days, expressly asserting that claim and providing grounds for that indirect challenge.

If Petitioner shows that he is still in custody pursuant to the conviction he challenges, then he must indicate why the petition is not barred by the one-year statute of limitations, if it is applicable.

No response or answer shall be required at this time from Respondent and all further proceedings shall be stayed for sixty days or until Petitioner has complied with this order. If Petitioner does not comply with this order within the time allowed, the instant petition shall be dismissed.

SO ORDERED.

_/s/ Eric Komitee_
Eric Komitee
United States District Judge

Dated: Brooklyn, New York
October 26, 2021